**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHAD GREEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,<br><br>Respondent. | No. 4:26-CV-02564<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**NOVEMBER 5, 2026**

Chad Green has been detained since February 24, 2026.[1] For months, the Government asserted that Green was detained subject to 1225(b) and therefore not entitled to a bond hearing.[2] On May 7, 2026, this Court intervened and directed that the Government provide Green with a bond hearing.[3] On June 11, 2026, United States Immigration Judge Corey Combs ("IJ") denied Green's request for bond. Green then filed a motion to enforce judgment, which this Court also denied.[4]

Today, the Court considers Green's second petition under 28 U.S.C. § 2241, arguing that his continued detention violates his due process rights under the Fifth Amendment to the United States Constitution.[5] Specifically, Green alleges that his

---

1 *Green v. Lowe*, 4:26-CV-01009, ECF No. 8 (M.D. Pa., Apr. 30, 2026).
2 *Id.*
3 *Green v. Lowe*, 4:26-CV-01009, 2026 WL 1257295 (M.D. Pa. May 7, 2026).
4 *Green v. Lowe*, 4:26-CV-01009, ECF No. 15 (M.D. Pa., June. 18, 2026).
5 *See* Doc. 1.

detainment now exceeds a presumptively reasonable duration, and he is therefore entitled to immediate release.[6] For the following reasons, Green's petition will be denied.

## I. BACKGROUND

Green, a citizen and native of Jamaica, entered the United States of America in September of 2022.[7] Green has since been arrested and charged for numerous offenses, including drug paraphernalia use and possession, retail theft, burglary, criminal trespass, simple assault, harassment, aggravated assault, and public nuisance.[8] Several charges were withdrawn—such as the burglary and aggravated assault charges—while the others appeared to have been resolved through guilty pleas.[9]

In April of 2026, Green filed his first petition under 28 U.S.C. § 2241, challenging his continued detention without a bond hearing.[10] This Court agreed that Green was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and directed the Government to provide him with such a hearing or release him from custody.[11] On June 11, 2026, an IJ held a bond hearing and denied bond.[12] The IJ relied on Green's

---

6 *Id.*
7 *Green v. Lowe*, 4:26-CV-01009, ECF No. 8 (M.D. Pa., Apr. 30, 2026).
8 *Id.* ECF No. 20-3.
9 *Id.*
10 *Id.* ECF No. 1.
11 *See Green*, 2026 WL 1257295.
12 *Green v. Lowe*, 4:26-CV-01009, ECF Nos. 20-2, 20-3 (M.D. Pa., July 15, 2026).

prior criminal history to find him a danger to the community.[13] Green then filed a motion to enforce in this Court, arguing that the hearing was insufficiently individualized.[14] This Court disagreed and denied the motion.[15]

On September 8, 2026, Green filed the instant 28 U.S.C. § 2241 petition.[16] Green alleges that he has now been detained for over 6 months—an allegedly unreasonable duration—and he therefore must be released.[17] Referencing precedent from the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit, Green contends that his mandatory detention under § 1226(c) has become presumptively unreasonable.[18]

The Government advances two arguments in opposition.[19] The first argument claims that *res judicata* and the abuse of the writ doctrine urge dismissal as Green "attempts to relitigate the exact same issues already (and very recently) addressed by this very Court."[20] Alternatively, the second argument contends that Green is properly detained under 8 U.S.C. § 1226(c), which mandates detention for inadmissible or deportable noncitizens who commit certain offenses.[21]

---

13 *Id.*
14 *Id.* ECF No. 14.
15 *Green v. Lowe*, 4:26-CV-01009, 2026 WL 2569005 (M.D. Pa. Aug. 31, 2026).
16 Doc. 1.
17 *See Id.*
18 *Id.*
19 Doc. 8.
20 *Id.* at 5-6.
21 *Id.* at 6-8.

This matter is now ripe for disposition. For the reasons discussed below, the petition will be denied.

## II. DISCUSSION

Green brings his claims pursuant to 28 U.S.C. § 2241, which applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[22] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[23] Green's claim is therefore properly asserted.

### A. Abuse of the Writ

First, Respondents argue that Green's petition constitutes an abuse of the writ and that the doctrine of *res judicata* accordingly bars it.[24] The Supreme Court has stated that a prior denial of habeas may be controlling when "(1) the same ground presented in the successive application was determined adversely to the applicant on the previous application; (2) the previous determination was made on the merits; and (3) 'the ends of justice' would not be served by reaching the merits of the subsequent

---

22 28 U.S.C. § 2241(c)(2).
23 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
24 Doc. 8, at 5-6.

application."[25] The government bears the burden of pleading an abuse of the writ.[26] Attempting to do so, Respondents cite this Court's decisions in *Jones v. Quay*[27] and *Moss v. Bradley*.[28] In *Jones*, the petitioner relied on "the same alleged" claims that had been dismissed before for lack of jurisdiction.[29] The Court—sitting as a successive habeas court—consequently found that it too lacked jurisdiction.[30] Similarly in *Moss*, the petitioner's claims had already been denied in a previous habeas petition.[31] Because the Court found the successive petition to be "identical" to the first habeas petition, the petitioner's conduct constituted an abuse of the writ.[32]

The instant petition is different. For one, Green's first petition challenged his detention without receiving any bond hearing,[33] while the second petition challenges his prolonged and continued detention under 8 U.S.C. § 1226(c).[34] Unlike *Jones* and *Moss* then—where the claims were either "identical" or so closely related as to compel the same outcome—the asserted claim here requires a different analysis than in the first petition. Stated differently, it is clear that Green has not presented "the

---

25 *Furnai v. U.S. Parole Com'n*, 531 F.3d 241, 250 (3d Cir. 2008) (citing *Sanders v. United States*, 373 U.S. 1, 11 (1963)).

26 *Id*. at 251 ("In a case in which a successive petition includes a claim for relief already fully considered and rejected, if the Government opposes the petition on an abuse of the writ basis it has the burden to plead abuse of the writ and must make the claim with clarity and particularity in its answer to the petition.").

27 *Jones v. Quay*, No. 3:21-2120, 2023 WL 4276470 (M.D. Pa. June 29, 2023).

28 *Moss v. Bradley*, No. 3:20-0184, 2022 WL 16836613 (M.D. Pa. Nov. 9, 2022).

29 *Jones*, 2023 WL 4276470, at *2.

30 *Id*.

31 *Moss*, 2022 WL 16836613, at *2-3.

32 *Id*. at *3.

33 *Green v. Lowe*, 4:26-CV-01009, ECF No. 1 (M.D. Pa., Apr. 20, 2026).

34 *See* Doc. 1.

same ground[s]" across his two habeas petitions.[35] Also recall that the Court granted Green's first petition on May 7, 2026; so, even if Green now presents the "same grounds" as before, it cannot be said that those grounds were "determined adversely to the applicant on the previous application."[36] The Court therefore finds that Respondents have failed to meet their burden and declines to dismiss Green's petition on this ground.

### B. 8 U.S.C. § 1226(c)

Next, Respondents argue that Green is properly detained pursuant to 8 U.S.C. § 1226(c) given his prior qualifying convictions. They add that § 1226(c) "generally prohibits the release from mandatory detention of noncitizens—like [Green] . . . ."[37] However, the United States Court of Appeals for the Third Circuit has held that "when detention becomes unreasonable, the Due Process Clause demands a hearing," even under mandatory detention.[38]

"Reasonableness is a 'highly fact-specific' inquiry," and the Third Circuit has provided four factors that courts should examine in considering the reasonableness of an individual's detention.[39] Those factors include: (1) the "duration of detention;" (2) "whether the detention is likely to continue;" (3) "the reasons for the delay;" and

---

35 *Furnai*, 531 F.3d at 250 (citing *Sanders*, 373 U.S. at 11).
36 *Id.*
37 Doc. 8, at 7.
38 *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 233 (3d Cir. 2011)).
39 *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015)).

(4) whether the "conditions of confinement are 'meaningfully different' from criminal punishment."[40] If detention has become unreasonably lengthy, an individual is "entitled to a bond hearing to gauge whether he still needs to be detained to keep him from fleeing or committing more crimes," at which "the Government bears the burden of proof . . . to justify detention by clear and convincing evidence."[41]

Start with the duration of detention. As the "most important factor,"[42] the nature of the detention "becomes 'more and more suspect' as time goes on."[43] Green has been detained for approximately five months since his last adequate bond hearing.[44] District courts in this circuit have repeatedly held that detention under

---

40 *Id.* at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478 (brackets omitted)).

41 *Id*. at 213.

42 *Id*. at 211.

43 *Id*. (quoting *Diop*, 656 F.3d at 234).

44 To be clear, Green has been detained for a total of eight months—but only five months have elapsed since his last adequate bond hearing. Similar cases concerning a single term of detention (but involving at least one prior bond hearing) have relied on the length of time *since the last adequate hearing*, as opposed to backdating to the very first day of custody. *See Viantsko v. Lowe*, 4:26-CV-00563, 2026 WL 963038 (M.D. Pa. Apr. 9, 2026); *Nyamekye v. U.S. Immigr. & Customs Enf't*, No. 4:23-CV-01541, 2024 WL 1890375, at *3 (M.D. Pa. Apr. 30, 2024), *vacated on other grounds*, No. 4:23-CV-01541, 2024 WL 3507769 (M.D. Pa. May 29, 2024); *Kurt v. Soto*, 26-cv-10238, 2026 WL 2690194, at *6 n.7 (D.N.J. Sept. 14, 2026). To hold otherwise would mean that "an individual detained longer than whatever timeframe would trigger a required bond hearing could simply request a new bond hearing every day thereafter until he receives a favorable outcome." *Viantsko*, 2026 WL 963038, at *4 (citation modified). Although several cases address this question under 1226(a) detention, their reasoning is applicable to § 1226(c) detention as well. Put simply, where a detainee has already received an adequate bond hearing, the period following the hearing is more probative of whether additional protections are necessary. This Court has held as much once before in the specific context of § 1226(c). *Nyamekye*, 2024 WL 1890375, at *3. Consistent with the practice of this Court among others, the relevant term of Green's detention is therefore approximately five months.

1226(c) for less than a year does not weigh in favor of habeas relief.[45] At this stage then, Green's length of confinement weighs against granting his petition.

As to the next factor, it appears that Green's detention is likely to continue as his removal order appeal remains pending with no future hearings scheduled at his time. This factor weighs in favor of Green. The third and next factor—reasons for any delay—is neutral. The record does not indicate that "either party made carless or bad-faith 'errors in the proceedings that caused unnecessary delay,'"[46] and therefore "this factor does not favor either side."[47] Finally, the last factor looks to whether conditions of confinement are meaningfully different from criminal punishment. In other words, if confinement "looks penal, that tilts the scales toward finding the detention unreasonable."[48] Green is confined in the Pike County Correctional Facility, and the Third Circuit has previously stated that "[d]espite its civil label, . . . detention [at that facility] is indistinguishable from criminal punishment."[49] Respondents make no attempt to "explain how such detention-center conditions differ from those found in a prison setting."[50] Because Green's conditions of confinement appear indistinguishable from criminal punishment, this factor similarly weighs in favor of Green.

---

45 *Nyamekye*, 2024 WL 1890375, at *3 (collecting cases).
46 *German Santos*, 965 F.3d at 211 (quoting *Diop*, 656 F.3d at 234).
47 *Id*. at 212.
48 *Id*. at 211.
49 *Id*. at 213.
50 *Nyamekye*, 2024 WL 1890375, at *4.

In sum, two of these factors—the likelihood of continued detention and the conditions of confinement—weigh in Green's favor, while another factor is neutral. However, the duration of detention, the most significant factor, weighs against Green. Given the relatively brief duration of Green's confinement, the Court concludes that due process does not yet demand a bond hearing. But it is likely that the balance will shift in Green's favor should his detention continue for an extended duration of time.

## III. CONCLUSION

For the foregoing reasons, Green's 28 U.S.C. § 2241 petition will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge